OPINION OF THE COURT
F. Warren Travers, J.
Defendant was arrested and charged with assault in the third degree for an offense allegedly committed in the Town of Nassau, Rensselaer County. Defendant was arraigned in the same town.
Defendant now moves for an order certifying that it is in the interest of justice that the charge be removed from "Justice Court in the Town of Nassau to the Justice’s Court in the Town of Sand Lake pursuant to Section 170.15 (3) of the Criminal Procedure Law.”
Defendant is the owner of, and resides on, certain real property in the Town of Nassau. The person alleged to have been assaulted is the elected Highway Superintendent for the Town of Nassau. Defendant alleges that he had previously filed a complaint against the highway superintendent with the same Town Justice before whom the defendant was arraigned. Defendant alleges further that events leading to the incident in question "stem from the performance of official duties by the highway superintendent immediately prior to the alleged *327 incident and there is the possibility that provocation may be one of the defenses available to the defendant.”
CPL 170.15 (subd 3) gives certain definite, but limited powers to a Judge of the County Court in matters such as the case now before the court. The County Court Judge may, upon a proper motion, transfer the matter to another designated local court, "upon the ground, that disposition thereof within a reasonable time in the court from which removal is sought is unlikely owing to:
"(a) Death, disability or other incapacity or disqualification of all the judges of such court; or "(b) Inability of such court to form a jury in a case, in which the defendant is entitled to and has requested a jury trial.” The authority of the County Judge goes no further than this statutory provision.
Where there has been an indictment and a defendant can demonstrate that there is good cause to believe that a fair and impartial trial cannot be had in the county wherein the indictment was returned, the defendant is authorized to bring an appropriate motion, in the Appellate Division of the department embracing the county, for a change of venue.
The Legislature did not see fit to grant this power to a County Court in relation to matters pending in local courts.
There appears to be no vehicle provided in the Criminal Procedure Law to transfer a matter from one local criminal court to another because of local bias, even if such bias were established.
Defendant’s motion is denied.